1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOE VERNON HAY, JR.,                )      No. C 09-02373 JW (PR)
                                         )
12           Plaintiff,                  )      ORDER OF SERVICE; DIRECTING
                                         )      DEFENDANTS TO FILE
13      vs.                              )      DISPOSITIVE MOTION OR NOTICE
                                         )      REGARDING SUCH MOTION;
14                                       )      DENYING MOTION FOR
     ROBERT SILLEN, et al.,              )      APPOINTMENT OF COUNSEL;
15                                       )      INSTRUCTIONS TO CLERK
             Defendant(s).               )
16                                       )
                                         )      (Docket No. 2.)
17   _____    )

18           Plaintiff, a California inmate, has filed a pro se civil rights action under 42

19   U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF")

20   in Soledad for allegedly unconstitutional acts.  The Court now reviews the complaint

21   pursuant to 28 U.S.C. § 1915A(a).

22

23                                  **DISCUSSION**

24   A.     Standard of Review

25           Federal courts must engage in a preliminary screening of cases in which

26   prisoners seek redress from a governmental entity or officer or employee of a

27   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

28   claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

Order of Service; Denying Motion for Appt. Of Counsel
P:\PRO-SE\SJ.JW\CR.09\Hay02373_svc.wpd

1  frivolous, malicious, or fails to state a claim upon which relief may be granted," or

2  "seeks monetary relief from a defendant who is immune from such relief."  Id. §

3  1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v.

4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

6  elements: (1) that a right secured by the Constitution or laws of the United States

7  was violated, and (2) that the alleged violation was committed by a person acting

8  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.      Legal Claims

10      Plaintiff claims that defendants acted with deliberate indifference to his

11  medical needs by denying him eye treatment resulted in his "right eye going blind...

12  in less than 3 months and retinal detachment never being treated."  (Compl. at 3.)

13  Plaintiff alleges that he experienced "cascading blood, eye ball headaches, flashing

14  lights, eye socket numbness, terrible fright, [and] hopelessness."  (Id. at 12.)

15  Plaintiff also claims that he suffered head, neck and back injuries which went

16  untreated for several months.  (Id. at 23.)  Lastly, plaintiff alleges that he is not

17  receiving any treatment for his Hepatitis C virus.  (Id. at 29.)  Liberally construed,

18  plaintiff's claims of defendants' deliberate indifference to his serious medical needs

19  are cognizable under § 1983 as violations of the Eighth Amendment's proscription

20  against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

21  (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); Farmer v.

22  Brennan, 511 U.S. 824, 834 (1994).

23  C.      Motion for Appointment of Counsel

24      Plaintiff has filed a motion for appointment of counsel.  (Docket No. 2.)  The

25  motion is DENIED without prejudice for lack of exceptional circumstances.  See

26  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d

27  1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

28  1986).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons, the Court orders as follows: |
| 3 | 1.     Defendant California Prison Health Care Receivership Corporation is |
| 4 | DISMISSED from this action as plaintiff has not stated any claims against this |
| 5 | entity.  The clerk shall terminate this defendant from the docket. |
| 6 | 2.     The clerk of the Court shall issue summons and the United States |
| 7 | Marshal shall serve, without prepayment of fees, a copy of the complaint in this |
| 8 | matter, all attachments thereto, and a copy of this order upon remaining defendants |
| 9 | at the addresses provided by plaintiff.  (See Compl. at 2-3.)  The clerk shall also mail |
| 10 | courtesy copies of the complaint and this order to the California Attorney General's |
| 11 | Office. |
| 12 | 3.     No later than **sixty (60) days** from the date of this order, defendants |
| 13 | shall file a motion for summary judgment or other dispositive motion with respect to |
| 14 | the claims in the amended complaint found to be cognizable above. |
| 15 | a.     If defendants elect to file a motion to dismiss on the grounds |
| 16 | plaintiff failed to exhaust his available administrative remedies as required by 42 |
| 17 | U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion |
| 18 | pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied |
| 19 | Alameida v. Terhune, 540 U.S. 810 (2003). |
| 20 | b.     Any motion for summary judgment shall be supported by |
| 21 | adequate factual documentation and shall conform in all respects to Rule 56 of the |
| 22 | Federal Rules of Civil Procedure. **Defendants are advised that summary** |
| 23 | **judgment cannot be granted, nor qualified immunity found, if material facts** |
| 24 | **are in dispute.  If any defendant is of the opinion that this case cannot be** |
| 25 | **resolved by summary judgment, he shall so inform the Court prior to the date** |
| 26 | **the summary judgment motion is due.** |
| 27 | 4.     Plaintiff's opposition to the dispositive motion shall be filed with the |
| 28 | Court and served on defendants no later than **thirty (30) days** from the date |

Order of Service; Denying Motion for Appt. Of Counsel
P:\PRO-SE\SJ.JW\CR.09\Hay02373_svc.wpd                3

**United States District Court**

For the Northern District of California

1    defendants' motion is filed.

2              a.      In the event the defendants file an unenumerated motion to

3    dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

4              The defendants have made a motion to dismiss pursuant to Rule
              12(b) of the Federal Rules of Civil Procedure, on the ground
5              you have not exhausted your administrative remedies.  The
              motion will, if granted, result in the dismissal of your case.
6              When a party you are suing makes a motion to dismiss for
              failure to exhaust, and that motion is properly supported by
7              declarations (or other sworn testimony) and/or documents, you
              may not simply rely on what your complaint says.  Instead, you
8              must set out specific facts in declarations, depositions, answers
              to interrogatories, or documents, that contradict the facts shown
9              in the defendant's declarations and documents and show that
              you have in fact exhausted your claims.  If you do not submit
10             your own evidence in opposition, the motion to dismiss, if
              appropriate, may be granted and the case dismissed.

11             b.      In the event defendants file a motion for summary judgment,

12   the Ninth Circuit has held that the following notice should be given to plaintiffs:

13             The defendants have made a motion for summary  judgment by
14             which they seek to have your case dismissed.  A motion for
              summary judgment under Rule 56 of the Federal Rules of Civil
15             Procedure will, if granted, end your case.
              Rule 56 tells you what you must do in order to oppose a motion
16             for summary judgment.  Generally, summary judgment must be
              granted when there is no genuine issue of material fact--that is,
17             if there is no real dispute about any fact that would affect the
              result of your case, the party who asked for summary judgment
18             is entitled to judgment as a matter of law, which will end your
              case.  When a party you are suing makes a motion for summary
19             judgment that is properly supported by declarations (or other
              sworn testimony), you cannot simply rely on what your
20             complaint says.  Instead, you must set out specific facts in
              declarations, depositions, answers to interrogatories, or
21             authenticated documents, as provided in Rule 56(e), that
              contradict the facts shown in the defendants' declarations and
22             documents and show that there is a genuine issue of material
              fact for trial.  If you do not submit your own evidence in
23             opposition, summary judgment, if appropriate, may be entered
              against you.  If summary judgment is granted in favor of
24             defendants, your case will be dismissed and there will be no
              trial.

25   See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is

26

27        [1] The following notice is adapted from the summary judgment notice to be
     given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th
28   Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

     Order of Service; Denying Motion for Appt. Of Counsel
     P:\PRO-SE\SJ.JW\CR.09\Hay02373_svc.wpd            4

United States District Court

For the Northern District of California

1  advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v.</u>

2  <u>Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come

3  forward with evidence showing triable issues of material fact on every essential

4  element of his claim).  Plaintiff is cautioned that failure to file an opposition to

5  defendants' motion for summary judgment may be deemed to be a consent by

6  plaintiff to the granting of the motion, and granting of judgment against plaintiff

7  without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per

8  curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

9       5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after

10  plaintiff's opposition is filed.

11       6.    The motion shall be deemed submitted as of the date the reply brief is

12  due.  No hearing will be held on the motion unless the Court so orders at a later date.

13       7.    All communications by the plaintiff with the Court must be served on

14  defendants, or defendants' counsel once counsel has been designated, by mailing a

15  true copy of the document to defendants or defendants' counsel.

16       8.    Discovery may be taken in accordance with the Federal Rules of Civil

17  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

18  Local Rule 16-1 is required before the parties may conduct discovery.

19       9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must

20  keep the court informed of any change of address and must comply with the court's

21  orders in a timely fashion.  Failure to do so may result in the dismissal of this action

22  for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

23       10.    Extensions of time must be filed no later than the deadline sought to be

24  extended and must be accompanied by a showing of good cause.

25       This order terminates Docket No. 2.

26

27  DATED: _____August 13, 2009_____                   
                           JAMES WARE

28                             United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JOE VERNON HAY JR,

               Plaintiff,

   v.

ROBERT SILLEN, et al.,

               Defendants.

Case Number: CV09-02373 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/14/2009_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Joe Vernon Hay
7528 Woodley Ave.
Van Nuys, Ca 91406-2928


Dated: _____8/14/2009_____

                          Richard W. Wieking, Clerk
                  /s/By: Elizabeth Garcia, Deputy Clerk