*E-Filed 8/13/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOE VERNON HAY, | No. C 09-2373 RS (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;** |
| v. | |
| ROBERT SILLEN, et al., | **DENYING MOTION FOR REHEARING ON MOTION TO DISMISS** |
| Defendants. | |

## INTRODUCTION

Plaintiff Joe Vernon Hay is a state prisoner who is proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983, in which he alleges that defendants, employees of Soledad State Prison, were deliberately indifferent to his medical needs in violation of the Eighth Amendment.[1] Defendants move for summary judgment. For the reasons stated herein, defendants' motion for summary judgment is GRANTED as to all claims against all defendants.

---

[1] Plaintiff is currently housed in the Pitchess Detention Center in Los Angeles, California. (MSJ at 2.)

**BACKGROUND**

The following facts are undisputed unless specifically noted otherwise. Plaintiff's medical claims arise from defendants' treatment of his (I) eye condition, (II) neck and shoulder problems; and (III) Hepatitis C condition.

**I.   History of Eye Treatment**

Plaintiff suffers from injuries caused to his right eye by a long-ago car accident. In 1984, plaintiff underwent surgery to reattach the retina of the right eye. In 2007, he arrived at Soledad, and soon after sought treatment for his eye problems.[2]

On November 15, 2007, plaintiff complained of acute on-set of cloudy vision in his right eye, and was seen in the medical clinic that day. He was referred to the ophthalmology clinic for follow up, where he saw Dr. Ulanday on November 16, who referred plaintiff to Dr. Eric Del Piero. On November 26, defendant Dr. Eric Del Piero[3] examined plaintiff, and found a dense vitreous hemorrhage in his right eye. Piero recommended laser surgery to treat the hemorrhage. Surgery was scheduled, but plaintiff refused treatment at least twice, then later demanded treatment, at which point Piero refused to treat him further.

On December 10, 2007, plaintiff was seen by defendant Dr. Ulanday, who was awaiting confirmation of Piero's schedule. On January 9, 2008, plaintiff was referred to ophthalmology, which in turn referred him to UCSF for a second opinion regarding his retinal tear. Plaintiff was seen in the ophthalmology clinic on January 14, 2008 to test his vision impairment. On January 23, 2008 plaintiff had an appointment at UCSF with Dr. Robert Bhisitkul, an ophthalmologist, who, upon seeing the hemorrhage but no retinal detachment, recommended no further treatment. On February 15, plaintiff was sent to the hospital for eye treatment and stayed over night. On April 13, 2008, plaintiff returned to the

---

[2] The parties agree that plaintiff asked a nurse for eyeglasses soon after arriving, but failed to receive them for reasons unknown. The nurse is not named as a defendant, and therefore the Court cannot rule on any claims made against him or her, which are hereby dismissed.

[3] Piero's motion for summary judgment was granted (Docket No. 122) and he has been terminated from this action.

optometry clinic. On May 1, 2008, defendant Chudy referred plaintiff to UCSF, where he was seen on May 5 by Dr. Bhisitkul, who again recommended no treatment, this time on grounds that the hemorrhage was resolving on its own, and that there was no evidence of retinal breaks or other problems.

Throughout 2008, plaintiff continued to complain of problems with his right eye. He was seen in the optometry clinic on May 19, June 2, June 29, July 7, July 14, and July 22. On September 12, plaintiff complained of night blindness, whereupon he was referred to defendant Rasheed, also an ophthalmologist, who examined plaintiff on September 15. Dr. Rahseed diagnosed plaintiff with left eye cataract, for which he recommended refractive cataract surgery as treatment. On September 25, plaintiff was referred to UCSF for a second opinion with Dr. Stewart, who observed a resolved right eye vitreous hemorrhage and mild cataracts. Stewart recommended no treatment beyond eyeglasses. On October 15, plaintiff returned to the optometry clinic where he advised that he was postponing his cataract surgery until after he received new glasses and could be evaluated further. On December 9, plaintiff underwent the cataract surgery recommended by Rasheed in September. On December 10, plaintiff returned to Soledad, where his condition was monitored, and where he was given eye drops. Plaintiff was seen again by Soledad physicians on December 11, and was scheduled for a follow up appointment, which was to occur on December 22. Rasheed saw plaintiff on January 5, 2009. Plaintiff received his requested eyeglasses in January 2009.

## II.   **History of Neck and Shoulder Treatment**

Plaintiff started asking for pain medication and an MRI scan of his left shoulder in the summer of 2007. Medical staff believed that an MRI was not required, but plaintiff was referred to an orthopedist after he filed an inmate grievance. The orthopedist ordered an MRI scan, which was reviewed by Dr. Pompan, who concluded that surgery was not needed on the rotator cuff. Plaintiff received physical therapy, pain medication — which plaintiff lists as Tylenol with codeine and Vicodin — and an evaluation for steroidal injection treatment, and he continued to request surgical intervention. In February 2009, surgery was

performed on plaintiff's shoulder.

**III.    History of Hepatitis Related Complaints**

Plaintiff alleges that defendants have provided constitutionally inadequate medical treatment for his Hepatitis C condition. The record is unclear on the medical history of plaintiff's treatment for this condition. Plaintiff contends that he needs certain treatments and has asked for them, some of which have been ordered. Defendants assert that plaintiff has not provided any evidence of being diagnosed with, or requiring treatment for, Hepatitis C.

## DISCUSSION

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not

be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U. S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id*. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060. In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *Id*.;

*Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

## I.     Eye Treatment Claims

Defendants have met their initial burden to demonstrate the absence of a genuine issue of material fact. Reading the facts in the light most favorable to plaintiff, he has not pointed to evidence precluding summary judgment. More specifically, plaintiff concedes that defendants examined him, recommended various courses of treatment which in some instances he refused, performed surgery and provided medications, and referred him to specialists and to other doctors when he asked for second opinions. Such a willingness to treat plaintiff, followed by actual treatment, reflects that defendants were not deliberately indifferent to plaintiff's legitimate medical needs. Rather, the undisputed record of multiple appointments, examinations, prescribed medications and eyeglasses, check up appointments, referrals to specialists, and the performance of surgery, directs a conclusion that defendants were aware of plaintiff's medical needs, and sought to treat them. Plaintiff may not have received medical care as promptly as he would have preferred, but the record reflects that he was examined and treated for his medical conditions. Furthermore, plaintiff's disagreement with the use of various courses of treatment does not establish an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1059–60 (a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference). Based on these undisputed facts, plaintiff has not presented evidence to withstand summary judgment. Accordingly, the Court will grant defendants' motion for summary judgment as to all claims related to the treatment of plaintiff's eye conditions.

## II.    Neck and Shoulder Treatment

Defendants have met their initial burden to demonstrate the absence of a genuine issue of material fact. Reading the facts in the light most favorable to plaintiff, he has not pointed to evidence precluding summary judgment. Specifically, plaintiff concedes that defendants examined him, recommended various courses of treatment, performed surgery and provided

medications. Such a willingness to treat plaintiff, followed by actual treatment, reflects that defendants were not deliberately indifferent to plaintiff's legitimate medical needs. Rather, the undisputed record of providing surgery and pain medications demonstrates that defendants were aware of plaintiff's medical needs, and sought to treat them. Plaintiff may not have received medical care as promptly as he would have preferred, but the record reflects that he was examined and treated for his medical conditions. Furthermore, as noted above, plaintiff's disagreement with the use of various courses of treatment does not establish an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1059–60 (a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference). Based on these undisputed facts, plaintiff has not presented evidence to withstand summary judgment. Accordingly, the Court will grant defendants' motion for summary judgment as to all claims related to the treatment of plaintiff's neck and should pain.

## II.   Hepatitis Treatment

Defendants have met their initial burden to demonstrate the absence of a genuine issue of material fact. Reading the facts in the light most favorable to plaintiff, he has not pointed to evidence precluding summary judgment. In particular, plaintiff concedes that defendants examined him, recommended various courses of treatment, and have attempted to provide him with such treatment, however delayed. That record reflects defendants were not deliberately indifferent to plaintiff's legitimate medical needs. Once again, plaintiff's disagreement with the use of various courses of treatment does not establish an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1059–60 (a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference). Based on these undisputed facts, defendants are entitled to summary judgment. Accordingly, the Court will grant defendants' motion for summary judgment as to all claims related to the treatment of plaintiff's Hepatitis C condition.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED as to all claims against all remaining defendants. Judgment also will be entered in favor of defendant Eric J. Del Piero, whose motion for summary judgment was granted in a previous order. Judgment will also be entered in favor of defendants Robert Sillen and J. Clark Kelso, plaintiff's claims against whom were dismissed and never refiled.

Plaintiff's motion for a rehearing on the Court's order granting summary judgment in favor of defendant Piero (Docket No. 128) is DENIED. Plaintiff's motion for an extension of time to conduct discovery (Docket No. 123) is DENIED.

This order terminates Docket Nos. 108, 123 & 128.

The Clerk shall enter judgment in favor of all defendants, terminate the pending motions, and close the file. Plaintiff shall take nothing by way of his complaint.

**IT IS SO ORDERED**.

DATED: August 13, 2010

_____
RICHARD SEEBORG
United States District Judge